## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KEVIN KELLER,** | : | **Case No. 1:14-CV-271** |
| | : | |
| **and** | : | **Judge Dlott** |
| | : | |
| **BRYAN KELLER,** | : | |
| | : | |
| **and** | : | **FIRST AMENDED COMPLAINT** |
| | : | **FOR DECLARATORY JUDGMENT** |
| **K & T HOMES, LTD,** | : | **AND INJUNCTIVE RELIEF** |
| | : | |
| **and** | : | |
| | : | |
| **VINCENT EVERS,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **MARILYN EVERS,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF MT. HEALTHY, OHIO,** | : | |
| | : | |
| **Defendant.** | : | |

Plaintiffs KEVIN KELLER, K & T HOMES, LTD., BRYAN KELLER, VINCENT EVERS and MARILYN EVERS, for their First Amended Complaint against Defendant CITY OF MT. HEALTHY, OHIO, hereby allege as follows:

### <u>INTRODUCTION</u>

1.      This is an action brought pursuant to 42 U.S.C. §1983 for declaratory judgment, preliminary and permanent injunction, and nominal damages arising from the unconstitutional policies, practices, and threats of Defendant City of Mt. Healthy, Ohio.  Defendant's policies, practices, and conduct threatens Plaintiffs with irreparable harm to their rights under the Fourth,

Fifth and Fourteenth Amendments to the United States Constitution.  The harm may only be remedied by a ruling from this Court.

2.　　　The City of Mt. Healthy, Ohio, has impeded and threatens to unconstitutionally impede Plaintiffs in their right to be free from unduly broad and unlimited searches or their properties by maintaining, implementing and enforcing a vague policy, practice or custom that (i) threaten Plaintiffs and certain other Ohioans with subjection to unduly broad searches of their homes and business property; (ii) violates Plaintiffs' reasonable expectation of privacy; and (iii) retaliates against Plaintiffs for exercising their Fourth Amendment rights by either (a) pressing criminal charges against them, or (b) depriving them of their property rights, including but not limited to the right to use their rental property by renting it.

3.　　　As a result of the policy, practice and custom of the City of Mt. Healthy of adopting and enforcement its Rental Permit Program, Plaintiffs will suffer irreparable harm unless the Defendants are enjoined from restricting their Fourth Amendment rights in this manner.

4.　　　Accordingly, Plaintiffs seek: (i) declaratory judgment determining that the offending provisions of the City's Rental Permit Program codified in Ordinance 14-1701 (the "Ordinance"), are unconstitutional on their face and as applied to them, and further, that the Ordinance is insufficient to support the issuance of an administrative warrant; (ii) injunctive relief against further actions enforcing or implementing the Ordinance; and (iii) nominal damages.

## PARTIES

5.      Plaintiff K & T HOMES, LTD. (hereinafter "K&T") is a limited liability company duly organized and existing under the laws of the State of Ohio, with its principle place of business located at 9635 Timbermill Court, Cincinnati, Ohio 45231.

6.      K&T is the sole owner of four single-family rental dwellings in the City of Mt. Healthy, each of which it leases to tenants.

7.      The street addresses of the properties K&T currently owns in Mt. Healthy and which it leases are as follows: 1392 Compton Road; 7405 Elizabeth Street; 7416 Phoenix Avenue; and 7304 Park Avenue.

8.      Plaintiff KEVIN KELLER is a resident of Cincinnati, Ohio.  Plaintiff is a member and owner of K & T.

9.      Plaintiff BRYAN KELLER currently leases a home, for use as his residence, located at 7304 Park Avenue in Mt. Healthy, Ohio.  This property is a "single family dwelling."

10.     Plaintiffs VINCENT EVERS and MARILYN EVERS are residents of Cincinnati, Ohio.

11.     The Evers are the owners of a single-family rental dwelling located at 7329 Elizabeth Street in the City of Mt. Healthy, which they currently lease to tenants.

12.     Defendant CITY OF MT. HEALTHY, OHIO, is a municipal corporation located within Hamilton County, Ohio; it is created and existing under and by virtue of the laws of the State of Ohio.

13.     All acts herein of the Defendant, its officers, agents, servants, employees or persons acting at their behest or direction, were done and are continuing to be done under the color or pretense of state law.

14.    Furthermore, the unconstitutional provisions of the Ordinance at issue herein constitute and represent the official public policy, practice or custom of the City of Mt. Healthy.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to prevent imminent deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2201(a), to secure declaratory relief; under 28 U.S.C. § 2202, and under 42 U.S.C. § 1988 to grant Plaintiffs' prayer for relief regarding the recovery of costs, including reasonable attorney fees.

16.    Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1 as (i) Defendant is situated within this judicial district and division, (ii) the Defendant transacts business within this District, and (iii) the conduct complained of occurred within this District.

## FACTUAL ALLEGATIONS

### *The Mt. Healthy Rental Permit Program*

17.    Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

*18.*    On January 21, 2014, the City of Mt. Healthy's City Council enacted Ordinance 14-1693 (hereinafter "the Rental Permit Program" or "the Program").   The Rental Permit Program became effective on February 21, 2014.   ***See Exhibit A.***

4

19.     On April 1, 2014, Plaintiffs initiated this action challenging the constitutionality of the Rental Permit Program on Fourth, Fifth, and Fourteenth Amendment grounds, requesting declaratory and injunctive relief.

20.     In response to Plaintiffs' legal action here, on April 15, 2014, the City of Mt. Healthy repealed the Rental Permit Program and replaced it with Ordinance No. 14-1701, "An Ordinance establishing a rental permit program for single family rental units located within the City of Mt. Healthy" (hereinafter "The Amended Rental Permit Program" or "The Amended Program").  **See Exhibit E.**

21.     The Amended Rental Permit Program applies only to "single family dwellings," which Mt. Healthy defines as individual homes;[1] and it does not apply to multi-family rental units or owner-occupied homes in Mt. Healthy.

22.     Section 1 of the Amended Program mandates that "owners of single family dwelling rental units will be required to obtain a permit * * * before [tenants] are permitted to occupy the dwelling units."

23.     Section 1(B) of the Amended Program mandates that "Owners of single family rental units shall apply for a rental permit."

24.     Section 1(C) of the Amended Program mandates that "a fee of $100.00 for each rental unit must be included with the Rental Permit Application."

25.     Section 1(C) of the Amended Program further mandates that the "fee of $100.00 for each rental unit" "pays for up to two (2) inspections of the property."

26.     There is no exemption from the fee requirement for properties that are not required to be inspected.

---

[1]     Mt. Healthy Codified Ordinances Section 155.03 (Definitions):   "*DWELLING, SINGLE FAMILY.*  A dwelling consisting of a single dwelling unit only, separated from other dwelling units by open space."

27.    Rather than exempting from the fee those that refuse the inspection or are not required to be inspected, Section 4 of the Amended Program mandates "The Building Inspector shall report non-payment of such fines by any owner subject to the above provisions to the Mt. Healthy City Council who shall then certify the sums due to the Hamilton County Auditor, to be placed as an assessment on the subject property and collected as any other real property tax or assessment."

28.    Section 1(F) of the Amended Program states that "Permits will be issued only to properties that comply with the City of Mt. Healthy Property Maintenance Code."

29.    To determine whether properties comply with the Mt. Healthy Property Maintenance Code, and are thus eligible to serve as rental properties, Sections 1(E) and (F) of the Amended Program constructively mandate that inspections of residential rental homes must be performed.

30.    Upon a property owner's refusal to voluntarily submit to an inspection, Section 1(E) purports to vest the City of Mt Healthy with the authority to "apply to a judge or magistrate of a court of record * * * for a warrant to conduct an inspection."

31.    Upon a property owner's refusal to voluntarily submit to an inspection, Section 1(E) purports to mandate that a warrant shall issue "upon probable cause to believe that conditions exist upon such property which are or may become hazardous to public health, safety, or welfare."

32.    Section 1(E) of the Amended Program purports to rely on R.C. 2933.21(F), which states "A judge of a court of record may, within his jurisdiction, issue warrants to search a house or place: * * * (F) For the existence of physical conditions which are or may become hazardous

6

to the public health, safety, or welfare, when governmental inspections of property are authorized or required by law."

33.     Section 1(E) of the Amended Program purports to rely on R.C. 2933.22(B), which states "(B) A warrant of search to conduct an inspection of property shall issue only upon probable cause to believe that conditions exist upon such property which are or may become hazardous to the public health, safety, or welfare."

34.     The Amended Program applies only to "single family dwellings."

35.     Section 155.03 of the Mt. Healthy Codified Ordinances defines "DWELLING, SINGLE FAMILY" as "[a] dwelling consisting of a single dwelling unit only, separated from other dwelling units by open space."

36.     The Amended Program does not apply to multi-family rental units or owner-occupied homes in Mt. Healthy.

37.     Section 1 of the Amended Program mandates that "owners of single family dwelling rental units will be required to obtain a permit . . . before [tenants] are permitted to occupy the dwelling units."

38.     Section 1(B) of the Amended Program mandates that "Owners of single family rental units shall apply for a rental permit."

39.     Section 1(F) of the Amended Program states "Permits will be issued only to properties which the Owner has certified to be in compliance with the City of Mt. Healthy Property Maintenance Code."

40.     Pursuant to Sections 1(E) and (F) of the Amended Rental Permit Program, the inspection of single family rental units is applicable to both vacant and occupied properties.

7

41.     Pursuant to Section 1(F) of the Amended Rental Permit Program, any violation of the Mt. Healthy Property Maintenance Code is to be "noted" during any such inspection.

42.     The Mt. Healthy Property Maintenance Code ("PMC") is voluminous, requiring criminal prosecution and an array of civil penalties in response to violations.

43.     Section 153.15-106.2 of the PMC provides for civil penalties as follows: "**Prosecution of violation.**  Any person failing to comply with a notice of violation or order served in accordance with § 153.16 shall be deemed guilty of a misdemeanor, and the violation shall be deemed a strict liability offense.  If the notice of violation is not complied with, the Code Official shall institute the appropriate proceeding at law or in equity to restrain, correct or abate such violation, or to require the removal or termination of the unlawful occupancy of the structure in violation of the provisions of this code or of the order or direction made pursuant thereto. Any action taken by the authority having jurisdiction on such premises shall be charged against the real estate upon which the structure is located and shall be a lien upon such real estate."

44.     Violations of the PMC also result in criminal penalties (PMC 153.15-106.4): "**Violation penalties.**  Any person, who shall violate a provision of this code, or fail to comply therewith, or with any of the requirements thereof, shall be prosecuted within the limits as provided herein. Each day that a violation continues after due notice has been served shall be deemed a separate offense. Whoever is convicted or pleads guilty to a Property Maintenance Code violation shall be charged with a minor misdemeanor.  However:  (a) Whoever is convicted or pleads guilty of a second offense not sooner than 20 days and not later than one year of the same section of the Property Maintenance Code shall be charged with a misdemeanor of the fourth degree.  (b) Whoever is convicted or pleads guilty of the third offense not sooner than 20

days and not later than one year of the same section of the Property Maintenance Code shall be charged with misdemeanor of the third degree. (c) Whoever is convicted or pleads guilty of the fourth offense not sooner than 20 days and not later than one year of the same section of the Property Maintenance Code shall be charged with misdemeanor of the second degree. (d) Whoever is convicted or pleads guilty of the fifth offense not sooner than 20 days and not later than one year of the same section of the Property Maintenance Code shall be charged with misdemeanor of the first degree."

45.     The breadth of the Rental Permit Program search is further confirmed by the "City of Mt. Healthy Rental Inspection Form," which denotes several pages of criminal offenses that the City searches for when inspecting.  ***See Exhibit B:  Mt. Healthy Rental Inspection Form.***

46.     Pursuant to Section 3 of the Amended Rental Permit Program, the City reserves the power to prosecute those who rent homes without a permit for an offense as high as first-degree misdemeanor, as well as to impose significant civil penalties.

47.     Under state law, a first-degree misdemeanor offense carries a potential fine of up to $1,000.00 and a maximum sentence of 180 days in jail.

48.     A property owner who refuses to submit to an unconstitutional search to his or her rental properties under the Rental Permit Program or refuses to certify compliance the Property Maintenance Code can be denied a rental permit and can be criminally charged with a minor misdemeanor per day for each rental property he or she owns and rents.

49.     Under state law, a minor misdemeanor offense carries a potential fine of up to $150.00.

9

50.     After twenty days of failing or refusing to comply with the unconstitutional provisions of the Amended Rental Permit Program, the criminal charge increases to being a fourth-degree misdemeanor per day for each rental property.

51.     Under state law, a fourth-degree misdemeanor offense carries a potential fine of up to $250.00 and a maximum sentence of 30 days in jail.

52.     Pursuant to Section 1(C) of the Rental Permit Program, the City imposes a $100 monetary charge on the owners of single-family rental dwellings solely for the purpose of covering the costs of the searches specified in Sections 1(E) and (F) of the Rental Permit Program.

### *Mt. Healthy's Application of the Rental Permit Program*

53.     On or about February 4, 2014, Plaintiffs received a notice from the City outlining the requirements of Ordinance 14-1693, including the potential for penalties should the Plaintiffs refuse to allow search of their properties.  See ***Exhibit C: the First Rental Permit Program Letter.***

54.     Then, on or about February 21, 2014, the City communicated to Plaintiffs and others "we have not received your application and payment, which puts you in violation of Ordinance 14-1693," and "whoever violations any provision of this ordinance . . . shall be prosecuted." ***See Exhibit D the  Second Rental Permit Program Letter.***

55.     Submission of the aforementioned monetary extraction and application is the event that triggers the search of the houses of Plaintiffs and others.

56.     The Rental Permit Program Letter specified that the only method of avoiding prosecution was to (1) submit to the Program, which includes a search of homes; or (2) discontinue renting of one's property.

57.     On or about March 10, 2014 Plaintiff Kevin Keller emailed William Knight, the Building Inspector for the City of Mt. Healthy, in order to obtain clarification regarding the Rental Permit Program.

58.     Mr. Knight responded in pertinent part as follows:  "schedule the inspections for April or May, but they do have to be inspected. Without the inspection you can't get a rental license which would put you in violation."

### *The Threat to Plaintiffs*

59.     While Plaintiff K & T has paid the Rental Permit Program fee for each of its rental properties, none of the Plaintiffs have submitted an Amended Rental Permit Program applications or fees, because none of the Plaintiffs believe that the City of Mt. Healthy has the power to initiate general searches of their houses for code violations and/or other crimes.

60.     As a consequence of their refusal to submit to the Amended Rental Permit Program, each Plaintiff is in imminent risk of facing criminal charges and/or loss of their property rights in response to the assertion his or her Fourth Amendment rights.

61.     Despite these risks, Plaintiffs refuse and continue to refuse to submit or consent to searches of their properties, and insist on asserting the protections afforded to them under the Fourth Amendment.

62.     As owners of single-family rental dwellings in the City of Mt. Healthy, K & T Homes, Ltd., Kevin Keller, Vincent Evers and Marilyn Evers face the real and imminent threat of being subjected to (1) criminal charges and fines; and/or (2) loss of all rental income related to the Mt. Healthy properties, unless they submit to Amended Rental Permit's unconstitutional provisions.

11

63.     As a tenant living in a single-family rental dwelling in the City of Mt. Healthy, Bryan Keller has a reasonable expectation of privacy in his personal residence and, thus, faces the real and imminent threat of having his constitutional protection against an unreasonable search of his property being conducted by officials with the City of Mt. Healthy.

## COUNT I

## DECLARATORY JUDGMENT AND INJUNCTION
### (28 U.S.C. § 2201, *et seq.*)

64.     Plaintiffs hereby incorporate by reference the allegations in the foregoing paragraphs as if set forth fully herein.

65.     An actual controversy has arisen and now exists between Plaintiffs and the policy, practice and custom of the Defendant concerning Plaintiffs' rights under the United States Constitution.  A judicial declaration is necessary and appropriate at this time.

66.     In violation of the United States Constitution, it is the policy, practice and custom of the City of Mt. Healthy to condition the receipt of a benefit, *i.e.*, the rental of one's property, on an agreement to refrain from exercising one's constitutional rights, particularly one's right to be free from unlimited searches of private property.

67.     Plaintiffs desire a judicial determination of their rights as against the policy, practice and custom of the City of Mt. Healthy as it pertains to Plaintiffs' right to be free from unlawful searches, coerced surrender of property rights and/or privileges, and vague licensing requirements.

68.     In order to prevent violation of Plaintiffs' constitutional rights by the policy, practice and custom of the City of Mt. Healthy, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, declaring

12

unconstitutional, facially and as-applied here, all relevant portions of the Amended Rental Permit Program of the City of Mt. Healthy (Ordinance 14-1701).

69.     Furthermore, pursuant to 28 U.S.C. § 2202 and FED. R. CIV. P. 65, it is appropriate and hereby requested that this Court issue an injunction enjoining the City of Mt. Healthy from enforcing or implementing its policy, practice or custom of enforcing any search policies based upon or related to the Amended Rental Permit Program, including but not limited to the imposition of search fees under the Amended Rental Permit Program.

## COUNT II

### VIOLATION OF RIGHT TO DUE PROCESS AND FREEDOM FROM UNCONSTITUTIOTIONAL SEARCHES PURSUANT TO THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

70.     Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

#### *Violation of the Due Process Clause (Unconstitutional Conditions Doctrine)*

71.     Based upon the protections afforded by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, "government may not deny a benefit to a person because he exercises a constitutional right." *Regan v. Taxation With Representation of Wash.,* 461 U.S. 540, 545 (1983)

72.     The right to rent property in Ohio, like the right to exclude others from private property, is not merely a government benefit, but rather, is an extension of the fundamental right one has in the ownership of private property.

73.     In violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the policy, practice or custom of the City of Mt. Healthy

imminently threatens to pressure Plaintiffs into forfeiting their Fourth Amendment rights by, in response to the exercise of those rights, (1) withholding newly-required rental permits needed to rent homes in Mt. Healthy and/or (2) prosecuting Plaintiffs for criminal violations, should they rent their homes without newly-required rental permits.

### *Violation of the Prohibition Against Unreasonable Searches*

74.     The Fourth Amendment provides in relevant part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

75.     Warrantless searches are "*per se* unreasonable." *Mincey v. Arizona*, 437 U.S. 385, 390 (1978).

76.     The protections of the Fourth Amendment also apply and extend to searches conducted by governmental officials pursuant to a regulatory scheme.

77.     Accordingly, administrative inspections are significant intrusions on Fourth Amendment rights for which warrants generally are required. *Camara v. Municipal Court of City & Cty. of San Francisco*, 387 U.S. 523 (1967).

78.     Warrantless searches of residential rental property by municipal inspectors violated the Fourth Amendment protection against unreasonable searches and seizures. *Camara v. Municipal Court of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967).

79.     By allowing and providing for the searches of single-family rental dwellings in the City of Mt. Healthy, the Amended Rental Permit Program violates the Fourth Amendment.

80.     The Amended Rental Permit Program violates Plaintiffs' right under the Fourth Amendment to be free from unreasonable searches by (1) coercing property owners' consent to

14

such searches, and (2) violating tenants' reasonable expectation of privacy while (3) maintaining, at best, a sham warrant requirement.

### *Violation of the Fourth Amendment's Warrant Clause*

81.    The second clause of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

82.    The Fourth Amendment guarantees Plaintiffs the right to refuse warrantless government inspections of their home unless the government first secures a valid administrative search warrant issued by a neutral party authorized to issue an administrative search warrant, or unless an emergency exists.

83.    The Amended Rental Permit Program does not permit Defendant to obtain a warrant to search Plaintiffs' houses because, *inter alia,* that regulatory scheme (1) is not predicated on neutral principles; (2) is tantamount to a general warrant inviting an open search; (3) employs impermissibly vague search standards and criteria; and (4) employs selective and arbitrary classification of Mt. Healthy homeowners and tenants.

84.    The Amended Rental Permit Program is arbitrary and is not predicated on neutral principles because it arbitrarily discriminates against single family rental homes, while refusing to inspect either (1) multi-family rental properties; or (2) owner-occupied properties of any kind.

85.    The City of Mt. Healthy is not otherwise entitled, by virtue of its Amended Rental Permit Program, the Ohio Revised Code, or otherwise, to seek or obtain a search warrant to search Plaintiffs' properties.

15

## COUNT III

### VIOLATION OF RIGHT TO DUE PROCESS AND FREEDOM FROM UNCONSTITUTIOTIONAL SEARCHES PURSUANT TO THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

86.     Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

87.     The Fourteenth Amendment's requirement of Due Process demands that the state provide meaningful standards in its laws. A law must give fair notice to the citizenry of the conduct proscribed and the penalty to be affixed if that law is breached. See, generally, *Kolender v. Lawson* (1983), 461 U.S. 352, 357–358; *Colten v. Kentucky* (1972), 407 U.S. 104, 110.

88.     The law must also convey an understandable standard capable of enforcement in the courts, *Giaccio v. Pennsylvania* (1966), 382 U.S. 399, 403, for judicial review is a necessary constitutional counterpoise to the broad legislative prerogative to promulgate codes of conduct.

89.     "Vague laws in any area suffer a constitutional infirmity." *Ashton v. Kentucky* (1966), 384 U.S. 195, 200.

90.     "If arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to police [officers], judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v. Rockford* (1972), 408 U.S. 104, 108–109.

91.     When a statute is challenged under the due-process doctrine prohibiting vagueness, the court must determine whether the enactment (1) provides sufficient notice of its

16

proscriptions to facilitate compliance by persons of ordinary intelligence and (2) is specific enough to prevent official arbitrariness or discrimination in its enforcement. *Kolender,* supra., at 357.

92.     The critical question in all cases is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law; those laws that do not are void for vagueness. *Grayned,* 408 U.S. at 108–109.

93.     The determination of whether a statute is impermissibly imprecise, indefinite, or incomprehensible, must be made in light of the facts presented in the given case and the nature of the enactment challenged. *Hoffman Estates v. Flipside* (1982), 455 U.S. 489, 495; *Buckley v. Wilkins,* 105 Ohio St.3d 350; *Coates v. Cincinnati* (1971), 402 U.S. 611, 614.

94.     If the enactment "threatens to inhibit the exercise of constitutionally protected rights," a more stringent vagueness test is to be applied. *Hoffman Estates,* supra., at 495.

95.     Upon a property owner's refusal to voluntarily submit to an inspection, Section 1(E) of the Amended Permit Program conclusively purports to mandate that a warrant shall issue "upon probable cause to believe that conditions exist upon such property which are or may become hazardous to public health, safety, or welfare."

96.     "Conditions that may become hazardous to the public health, safety, or welfare" is insufficiently precise to permit a citizen fair notice to safeguard his property from an otherwise prohibited search.

97.     Mt. Healthy does not define the criteria that it employs to determine against whom it will seek a warrant.

98.     Mt. Healthy provides no definition or factors, and therefore invites even further *ad hoc* and selective enforcement with an end and/or practical effect of circumventing the Fourth Amendment's requirement of authentic probable cause.

99.     Within the context of Mt. Healthy's Amended Rental Permit Program, the standard of "conditions that may become hazardous to the public health, safety, or welfare" is unconstitutionally vague criteria upon which to predicate a citizen's fundamental constitutional right to be free from unreasonable searches.

100.    Mt. Healthy's criteria for seeking a warrant offers so little guidance in application that it is barren of any practical meaning.

101.    Section 1(E) of the Amended Permit Program violates the Fourteenth Amendment to the United States Constitution, both facially and as-applied to property owners who refuse Amended Permit Program inspections.

## COUNT IV

**VIOLATION OF RIGHT TO EQUAL PROTECTION PURSUANT TO THE
FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(42 U.S.C. § 1983)**

102.    Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

103.    The Equal Protection Clause of the Fourteenth Amendment commands that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

104.    The Equal Protection Clause prohibits states from making distinctions that either (1) burden a fundamental right, (2) target a suspect classification, or (3) intentionally treat one

18

differently from others similarly situated without any rational basis for the difference. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir.2005).

105.    To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.,* 470 F.3d 286, 299 (6th Cir.2006).

106.    The Equal Protection Clause requires more of a state law than nondiscriminatory application within the class it establishes. *McLaughlin v. State of Florida*, 379 U.S. 184, 189—190. It also imposes a requirement of some rationality in the nature of the class singled out.

107.    The Equal Protection Clause further requires that, in defining a class subject to legislation, the distinctions that are drawn have "some relevance to the purpose for which the classification is made." *Baxstrom v. Herold*, 383 U.S. 107, 111; *Carrington v. Rash*, 380 U.S. 89, 93; *Louisville Gas Co. v. Coleman*, 277 U.S. 32, 37; *Royster Guano Co. v. Commonwealth of Virginia*, 253 U.S. 412, 415.

108.    Governmental classification "must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily, and without any such basis," as "arbitrary selection can never be justified by calling it classification." Id., see also *Atchison, T. & S.F.R. Co. v. Matthews*, 174 U.S. 96, 104-105; *American Sugar Ref. Co. v. Louisiana*, 179 U.S. 89.

109.    "Simply stated, the Equal Protection Clauses require that individuals be treated in a manner similar to others in like circumstances." *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, ¶ 6.

110.    Courts must reach and determine the question whether the classifications drawn in a statute are reasonable in light of its purpose-in this case.

111.    The avowed purpose of Mt. Healthy's Amended Rental Permit Program is to "promote the public health, safety and welfare" and "the need to preserve and promote the quality of existing housing and to provide for safe and sanitary housing conditions for residential tenants."

112.    The Amended Rental Permit Program applies only to "single family dwellings," which Mt. Healthy defines as individual homes;[2] and it does not apply to multi-family rental units or owner-occupied homes in Mt. Healthy.

113.    Section 1 of the Amended Program mandates that "owners of single family dwelling rental units will be required to obtain a permit * * * before [tenants] are permitted to occupy the dwelling units."

114.    Section 1(B) of the Amended Program mandates that "Owners of single family rental units shall apply for a rental permit."

115.    Mt. Healthy's classification of property through the Amended Rental Permit Program burdens homeowners' and tenants' fundamental constitutional right to be free from unreasonable government searches.

116.    The Amended Rental Permit Program is arbitrary and is not predicated on neutral principles because it arbitrarily discriminates against single family rental homes and tenants of single family rental homes, while refusing to inspect either (1) multi-family rental properties; or (2) owner-occupied properties of any kind.

---

[2]    Mt. Healthy Codified Ordinances Section 155.03 (Definitions):   "*DWELLING, SINGLE FAMILY.  A dwelling consisting of a single dwelling unit only, separated from other dwelling units by open space.*"

20

117. The singling out of Plaintiffs' properties, and other single-family rental dwellings, while ignoring apartment rental dwellings and owner-occupied homes, is neither necessary nor rationally related to a legitimate government purpose.

118. There is neither a necessary nor even a rational basis for classifying single family rental homes and their owners and tenants as subject to (1) a permitting requirement; and (2) an intrusive and comprehensive government search, whether with or without a warrant, while entirely exempting multi-family rental properties and/or owner-occupied properties and their owners and occupants.

119. The mandates of the Amended Rental Permit Program violate Plaintiffs' right to equal protection of the law, both on their face and as applied to these plaintiffs.

## **CONCLUSION**

120. Criminal punishment is an irreparable harm.

121. Loss of constitutionally-protected Fourth, Fifth, and Fourteenth Amendment rights and constitutionally-protected property rights causes irreparable harm.

122. Enforcement of the constitutional rights specified herein is in the public interest.

123. The policy, practice and custom of the City of Mt. Healthy of adopting and enforcing the Amended Rental Permit Program violates the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by imposing an unconstitutional condition upon Plaintiffs' lawful exercise of their property rights.

124. The Amended Rental Permit Program is unconstitutional as applied to Plaintiffs – tenants with reasonable expectations of privacy and property owners who have not created any dangerous conditions or other emergencies on their property.

21

125. The search requirement of the Amended Rental Permit Program is unconstitutional on its face.

126. The search requirement of the Amended Rental Permit Program cannot be severed from the Program's "inspection fee" and "permitting" requirements.

127. The unconstitutional portions of the Amended Rental Permit Program cannot be severed from the Program's lawful portions.

128. Defendant's Amended Rental Permit Program fails to meet the requirements necessary to obtain a search warrant.

129. As a proximate result of Defendant's policies described above, Plaintiffs face imminent threat of irreparable injury and will continue to suffer irreparable injury, in that they will be deprived of their rights under the Fourth, Fifth, and Fourteenth Amendment of the Constitution.

130. In order to prevent further violation of Plaintiffs' constitutional rights by Defendant, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. 2201 and Fed. Rule of Civil Procedure 57, declaring the City of Mt. Healthy's enforcement of the Amended Ordinance against Plaintiffs to be unconstitutional.

131. Pursuant to 28 U.S.C. 2202 and Fed Rule of Civil Procedure 65, it is appropriate and hereby requested that this Court issue an injunction enjoining the City of Mt. Healthy from enforcing the Amended Rental Permit Program against Plaintiffs.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment against Defendant, and that the Court:

(1) Declare that the search provision in the Amended Rental Permit Program authorizing searches without sufficiently adequate, clear, neutral, and/or criteria probable cause is unconstitutional, both facially and as applied to Plaintiffs;

(2) Declare that the provisions of the Amended Rental Permit Programs wholly reliant upon the unconstitutional search, including but not limited to the monetary extraction for inspections and the permit requirement, violate Plaintiffs' Fourth Amendment rights;

(3) Declare that the Amended Rental Permit Program is insufficient, without more, to serve as a basis for the City to obtain an administrative warrant;

(4) Enjoin Defendant from directly enforcing the Amended Rental Permit Program's search requirement against non-consenting property owners and/or tenants.

(5) Enjoin Defendant from indirectly enforcing the Amended Rental Permit Program's search requirement by criminally prosecuting Plaintiffs, stripping them of the right to rent their property, or otherwise.

(6) Enjoin Defendant from attempting to seek and obtain a warrant, predicated on the Amended Rental Permit Program, to search Plaintiffs' properties;

(7) Pursuant to 42 U.S.C. §1988 and other applicable law, award Plaintiffs their costs and expenses incurred in bringing this action, including their reasonable attorneys' fees; and

(8) Grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully submitted,

*/s/ Maurice A. Thompson*
Maurice A. Thompson (0078548)
1851 Center for Constitutional Law
208 E. State Street
Columbus, Ohio 43215
(614) 340-9817
(614) 365-9564
MThompson@OhioConstitution.org


Justin C. Walker (0080001)
Christopher P. Finney  (0038998)
Finney Law Firm, LLC
4270 Ivy Pointe Boulevard, Suite 225
Cincinnati, Ohio  45245
(513) 943-6660
(513) 943-6669  (fax)
*justin@finneylawfirm.com*
*chris @finneylawfirm.com*

Curt Hartman (0064242)
The Law Firm of Curt C. Hartman
3749 Fox Point Court
Amelia, Ohio   45102
(513) 752-2878
*hartmanlawfirm@fuse.net*

24